UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BERTON G. TOAVS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:12-cv-00449-MMD-WGC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| ROBERT BANNISTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. The Court previously granted plaintiff's application to proceed *in forma pauperis* and screened the complaint. (ECF No. 4). The screening order imposed a 90-day stay following the date of the Court's ruling on petitioner's motion for a preliminary injunction. (ECF No. 4). Following briefing from the parties, the undersigned issued a Report and Recommendation on April 9, 2013, recommending denial of the motion for a preliminary injunction. (ECF No. 17). On May 16, 2013, the District Judge accepted and adopted the Report and Recommendation in its entirety, and denied petitioner's motion for a preliminary injunction. (ECF No. 18). The Court scheduled an early inmate mediation conference for August 20, 2013. (ECF No. 19). The minutes of proceedings from the mediation conference indicate that settlement was not reached in this action. (ECF No. 21). Accordingly, the Court now sets further deadlines for this action.

**IT IS THEREFORE ORDERED** that:

1. The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint (ECF No. 5) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

2. Subject to the findings of the screening order (ECF No. 4), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

5. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the

individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

Dated this __30th__ day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE