# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BERTON G. TOAVS,<br><br>      Plaintiff,<br><br>vs.<br><br>ROBERT BANNISTER, et al.,<br><br>      Defendant(s). | 3:12-cv-00449-MMD-WGC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This report and recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff's "Motion for 60 b. Fraud and Misrepresentation of the Facts." (Doc. # 91.)[1] Defendant filed an opposition to Plaintiff's motion (Doc. # 92) and Plaintiff replied. (Doc. # 93).

After a thorough review, the court recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff's motion is predicated upon certain discrepancies he claims to have observed in his medical file maintained by the Nevada Department of Corrections (NDOC). These discrepancies are records which Plaintiff asserts were found in his medical file when he examined it on July 1, 2015, which records he states were missing from his earlier review of August 12, 2014. (Doc. # 91 at 2.) Plaintiff claims that "Defendants" (without identifying which Defendants) "deliberately removed

---

[1] Refers to court's docket number. The caption refers to the Defendants as "Robert Bannister, et al." However, Defendants Bannister, Johns and Mar were granted summary judgment and are no longer parties defendant. (Doc. ## 73, 81.) The case continues only as to Defendant Peery. (*Id.*)

1  pertinent documents from his medical file that had direct bearing on his arguments during the time of
2  opposition to summary judgement (sic)." (*Id.*)

3       The records which Plaintiff refers to are dated "9-5-12, 8-14-14, 8-20-14." (*Id.*) He avers these
4  documents were allegedly returned to his medical file after summary judgment was decided in favor of
5  the Defendants. He accuses "Defendants" of "deliberately conceling (sic) specific documents dealing
6  directly with the arguments put forth by Plaintiff." He states that these documents were not included
7  among the medical records Bates-stamped as 0001-0771 (Doc. # 91 at 3.)[2]

8       Plaintiff has not submitted to the court copies of the three medical records the absence of which
9  Plaintiff contends resulted in an "unlawful review of prefabricated facts" which led to "a decision of
10 denial of summary judgment." (*Id.*, at 3.) Nor did Plaintiff correlate the allegedly missing records to any
11 part of the court's analyses (Report and Recommendation, Doc. # 73, or the Order Adopting and
12 Accepting Report and Recommendation, Doc. #82) to demonstrate how the omitted records resulted in
13 a disposition unfavorable to Plaintiff of either Plaintiff's motion for summary judgment (Doc. # 60) or
14 Defendants' motion for summary judgment (Doc. # 47) and errata (Doc. # 52).

15      For relief, Plaintiff seeks a hearing to discuss the "fraudulent actions by the Defendants" (Doc.
16 # 91 at 3) and to "grant [Plaintiff] a reversal of denial of summary judgement (sic) in part and allow him
17 to proceed with his claims."

18      Defendant Peery, the only remaining defendant, opposes Plaintiff's motion on behalf of himself
19 and the former defendants. (Doc. # 92.) Defendant argues Plaintiff has failed to provide the "clear and
20 convincing evidence" that summary judgment was entered because of any fraud or misrepresentation.
21 Defendant points out no documentary exhibits were submitted with Plaintiff's motion nor did Plaintiff
22 "identify in the substance of his motion what documents [Plaintiff] claims were new," which would
23 "purport to be the new or missing medical records." (*Id.*, at 2.)

24      In reply, Plaintiff acknowledges Defendant is correct that no documentary exhibits accompanied
25 his 60(b) motion. He claims he will "now present the documents and explanations of events leading us

---

[2] Plaintiff also states he discussed the discrepancies with Deputy Attorney General Barraclough whom he asked to copy his medical file in color. The Plaintiff does not state when this photocopying was undertaken or how that process relates to the present contentions.

2

to point with clear and convincing evidence." (Doc. # 93 at 2.) Because Plaintiff did not submit the documents with his motion, Defendant was not afforded an opportunity to review or comment on them. Nevertheless, the court will note the materials, Exhibits A-E, which Plaintiff has submitted with his reply memorandum.

In Exhibit A (Doc. # 93 at 5-8), Plaintiff attaches two letters regarding the discussion and correspondence between Plaintiff and Deputy Attorney General Barraclough regarding his medical records being color photocopies. Exhibit A does not address what records were or were not previously available to Plaintiff.

Exhibit B (Doc. # 93 at 9-15) is a lengthy list of selected medical records which are apparently contained within those Bates-stamped as 0001 through 0771. Plaintiff provides his own overview of what are the content or subjects of Plaintiff's records; the records themselves are not attached. Somewhat surprisingly, Exhibit B does *not* reference the three records referred to in Plaintiff's motion, i.e., those dated 9-15-12, 8-14-14 and 8-30-14. (See Doc. # 91 at 2, ¶ 3). Plaintiff also does not explain why these records in Exhibit B should cause this court to reverse the summary judgment it entered on behalf of Defendants Bannister, Johns and Mar.

Exhibit C (Doc. # 93 at 16-19) is a Request for Production of Documents Plaintiff served upon Deputy Attorney General Barraclough. The request was captioned to pertain to the "Warden at NNCC."[3] The request is more of an outline of the difficulties Plaintiff claims to have been experiencing in being able to review the records. Exhibit D (Doc. # 93 at 20-22) is a letter Plaintiff sent to Deputy Attorney General Barraclough on July 5, 2015 (or possibly July 8, 2015). Although the text of the letter was largely illegible, this letter seemingly addresses logistical issues Plaintiff was facing regarding review of his medical files at NNCC.

Exhibit E (Doc. # 93 at 23-24) is an affidavit of a Steve Coleman, an inmate at NNCC who represents he worked with inmate medical files. Plaintiff characterizes the affidavit as reflecting Coleman's willingness to testify "as to inmate records and how they are handled." (Doc. # 93 at 2.) Coleman, however, professes no specific knowledge in his affidavit about Plaintiff's records, particularly

---

[3] Northern Nevada Correctional Center.

those records dated 9-15-12, 8-14-14 and 8-30-14.

## DISCUSSION

Fed. R. Civ. P. 60(b)(3) allows a party to be relieved from final judgment on grounds of fraud, misrepresentation or misconduct by an <u>opposing party</u>, The court emphasizes the language "opposing party" because Plaintiff makes no argument that Defendants Bannister, Johns, Mar or Peery were involved in the alleged removal of the records dated 9-15-12, 8-14-14 or 8-20-14. Plaintiff contends "Defendants deliberately removed pertinent documents from his medical file (Doc. # 91 at 2) but presents no evidence linking any of the Defendants to this misconduct. Instead, Plaintiff's argument references the involvement of certain individuals (presumably employees of NDOC's facility at the NNCC).[4]

The Ninth Circuit has held that the fraud must have been committed by the movant's adversary. *Latshaw v. Trainer, Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir. 2006). There is no evidence Defendant or any of the former Defendants was involved with the allegedly missing records.

A movant seeking relief under Rule 60(b) must also demonstrate with clear and convincing evidence that the conduct of which he complains "prevented the losing party from fully and fairly preventing the defense." *Laforge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986); *De Ceric v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000); *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 1001 (9th Cir. 2007).

The Ninth Circuit in *Ethan Enterprises* rejected Appellants's claim of misconduct "because of misconduct and misrepresentation by the [Appellee] trusts." The court rejected this argument because of the failure of the appellant to produce "evidence of misconduct by the trusts, let alone the 'clear and convincing' evidence required to support such a charge." *Ethan Enterprises*, 480 F.3d at 1001, citing *De Ceric*, 206 F.3d at 880.

Similarly, in this matter, Plaintiff has failed to provide any evidence which is any fashion links the allegedly missing records to the summary judgment the court entered in this matter, nor does Plaintiff

---

[4] See Doc. # 91 at 2 referencing various employees involved in the review process of his medical records, none of whom are the Defendants.

4

identify any misconduct by the Defendants with respect to Plaintiff's records. The failure of Plaintiff to submit the identified records (i.e., those of 9-15-12, 8-14-14 or 8-20-14) is particularly detrimental to Plaintiff's claims.

**CONCLUSION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order denying Plaintiff's motion (Doc. # 91).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: August 25, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE