UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| BERTON G. TOAVS, | Case No. 3:12-cv-00449-MMD-WGC |
|---|---|
| Plaintiff, | ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |
| v. | |
| ROBERT BANNISTER, et al., | |
| Defendants. | |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 95) ("R&R") relating to Plaintiff's "Motion for 60 b. Fraud and Misrepresentation of Facts" ("Motion"). (Dkt. no. 91.) Plaintiff timely filed an objection on September 8, 2015 ("Objection"). (Dkt. no. 97.) Defendant's response was filed on September 30, 2015. (Dkt. no. 99.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

In his Motion, Plaintiff argues that Defendants committed fraud by deliberately removing certain medical documents from his file that had "direct bearing" on his

arguments in opposition to summary judgment and then later replacing them. (Dkt. no. 91 at 2-3.) In particular, Plaintiff claims that he reviewed his medical file on July 1, 2015, and noted that certain documents were contained in his file that were not in his file during his previous reviews on September 5, 2012, August 14, 2014 and August 20, 2014. (*Id.* at 2.) As the Magistrate Judge observed, Plaintiff did not provide a copy of these missing documents or even identify the nature of the alleged missing documents and how they relate to the summary judgment proceedings. (Dkt. no .95 at 2.) The Magistrate Judge found that Plaintiff makes no allegations that Defendants were involved in the alleged removal of his medical records, let alone presents any evidence linking Defendants to the alleged missing records. (*Id.* at 4.) In his Objection, Plaintiff argues that he offered inmate Steve Coleman's affidavit to show the "mismanagement of records in question" although Plaintiff clarified that he did not allege that Mr. Coleman "had knowledge of the records in question." (Dkt. no. 97 at 2.) Having reviewed the records, the Court agrees with the Magistrate Judge's recommendation to deny Plaintiff's Motion. Plaintiff fails to establish that Defendants committed fraud or misconduct to warrant relief under Fed. R. Civ. P. 60(b)(3).

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 95) be accepted and adopted in its entirety. Plaintiff's "Motion for 60 b. Fraud and Misrepresentation of the Facts" (dkt. no. 91) is denied.

DATED THIS 19th day of October 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE